## Haynes' Admx. v. C., N. O. & T, P. Ry. Co.

(Decided February 13, 1912.)

### Appeal from Pulaski Circuit Court.

H. C. FAULKNER & SONS, SHARP, BETHURUM & COOPER for appellant.

O. H. WADDLE & SONS and GALVIN & GALVIN for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROL—Overruling.

At the appearance term of this case in the lower court the defendant railway company filed its petition for removal to the Federal Court, accompanied by the requisite bond. The record does not show what disposition was made of this motion in the lower court, but it may be assumed the action was transferred as it appears that on July 26, 1909, the Hon. A. M. J. Cochran, Judge of the United States Circuit Court for the Eastern district of Kentucky, made and entered in his court this order:

"E. L. Haynes' Admrx. v. C., N. O. & T. P. Ry. Co. This cause coming on to be heard upon the plaintiff's motion to remand same to the Pulaski Circuit Court from which it was removed, the court having considered same and being now fully advised, files this opinion, and it is ordered, adjudged and decreed by the court that this case be and the same is now remanded to the Pulaski

Circuit Court, and the clerk of this court is directed to send to the clerk of the Pulaski Circuit Court a certified copy of this order.''

Thereafter, the case went to trial in the State court, and the result of this trial is fully stated in the opinion herein, which may be found in 145 Ky., 209. On December 15, 1910, the judgment appealed from was entered in the lower court, and after this the action against the railway company was again transferred to the Federal Court.

It appears from the petition for rehearing, which contains the only information we have as to the second removal and remand, that on April 18, 1911, a motion was again made in the Federal Court by counsel for plaintiff to remand the action to the State court, and on May 18, 1911, the Hon. A. M. J. Cochran, judge of the Federal Court, entered an order remanding the case to the Pulaski Circuit Court. This order remanding the case was made after the record had been filed in this court and before the opinion was handed down.

When the case was first transferred to the Federal Court, it appears from the record that nothing was brought before the judge of that court except the petition of the plaintiff and the petition for removal. When it was transferred to the Federal Court the second time, and when it was remanded the second time, we are not advised nor does the record show whether the evidence in the case or any pleadings except the petition were brought before the judge of the Federal Court. The situation as it now appears is that the United States Circuit Court has ruled that the State court has jurisdiction of the case and remanded it for a trial in that court, while we have held in the opinion herein that the action against the railway company was properly removed by the lower court to the Federal Court. And so counsel for appellant in a petition for rehearing calling our attention to the foregoing facts asks in view of the novel condition existing by the apparently conflicting opinions of the Federal Court and this court that we withdraw the opinion handed down herein and permit the appellant to have a trial in the State court. Undoubtedly, appellant is entitled to a trial in either the Federal Court or the State court, and that he could have had a trial in the Federal Court when it was removed there the second

time except for the motion to remand, seems quite clear. But, the question now is, which court can he get a trial in. We have no doubt that the petition in this case stated a good joint cause of action against the resident engineer and the railway company, and, upon the petition alone the plaintiff was clearly entitled to a trial in the State court, and we entirely agree that the learned judge of the United States Circuit Court properly remanded the case in July, 1909, and, of course, if only the petition of the plaintiff was again brought before him in 1911, the order again remanding it made on May 18, 1911, was proper. If, however, the entire record in the case, including the evidence, was before Judge Cochran when he entered the order remanding the case in May, 1911, and he put his decision remanding it upon the ground that the entire record did not in any event or under any conditions authorize a removal, we should feel obliged to disagree with his conclusion that the State and not the Federal Court had jurisdiction of the railway company. But, as stated, we do not know whether the evidence was before Judge Cochran when he made the order of May, 1911, or not, nor do we know upon what ground he based his ruling. It may be that he was of the opinion that in no event should the Federal court take jurisdiction of the case, or he may have been of the opinion that as the case was pending in this court on appeal it would be advisable to decline to take jurisdiction until the case had been disposed of in this court, and it had been finally determined in the State court that the motion to transfer was proper.

Without further extending this response, we think that appellant must obtain the relief to which he is entitled in the Federal court; and, we have no doubt that the Hon. Judge of that Court will afford appellant such relief as under all the circumstances seems right and proper.

The lower court is directed to again enter an order remanding the case against the railway company to the Federal court.

The petition for rehearing is overruled.

Whole court sitting, Judge Nunn dissenting.